The Hon. Marc Barreca
Chapter 13
Location: Telephonic (Everett)
Hearing Date: June 9, 2021
Hearing Time: 9:00 a,m.
Response Date: June 2, 2021

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
Seattle Division**

| | |
|---|---|
| In re:<br><br>RONALD EDGAR HOWELL,<br><br>DEE LORENE SHISHIDO,<br><br>Debtors. | Chapter 13<br><br>Bankr. Case No.: 15-15924-MLB<br><br>**MOTION FOR AN ORDER RELIEVING NAVIENT SOLUTIONS, LLC AND NAVIENT CORP. FROM ORDERS OF CONTEMPT** |

COMES NOW Navient Solutions, LLC and Navient Corporation (sometimes referred collectively herein as "Navient"), by and through their attorneys, Samuel J. Dart and the law firm of Eisenhower Carlson PLLC, and Joseph A. Florczak and the law firm of McGuireWoods LLP[1] hereby move the Court for relief from each of the orders for contempt entered in this case against Navient. In further support, Navient respectfully states as follows:

### PRELIMINARY STATEMENT

Navient moves the Court to vacate the contempt orders entered against it in the above-captioned case. First, the Court lacked personal jurisdiction over Navient to enter such contempt orders, as service was defective for each of the contempt motions filed by the debtors. This defective service, and the corresponding jurisdictional defects, render the contempt orders against Navient void under Federal Rule of Civil Procedure 60(b).

---

[1] Joseph Florczak and the law firm of McGuireWoods are presently seeking admission *pro hac vice* pursuant to Local Civil Rule 83.1(d) W.D. Wash.

MOTION TO VACATE- 1

EISENHOWER CARLSON
909 A Street, Str. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

Case 15-15924-MLB    Doc 87    Filed 05/17/21    Ent. 05/17/21 12:35:58    Pg. 1 of 13

Even apart from the jurisdictional defects, the contempt orders were premised on a mistake of law. The federal student loans at issue in the contempt motions were not discharged debts—such debts are excepted from a general discharge order under 11 U.S.C. § 523(a)(8) absent a showing of undue hardship. Neither the Debtors' Chapter 13 plan nor the related confirmation order contains any such showing or otherwise purports to discharge this federal student loan debt. It is a legal impossibility for any Navient entity to have violated a discharge order that does not apply to the subject debt. Likewise, it is not possible as a matter of law for Navient to have violated 11 U.S.C. § 524(i) for a willful failure to credit payments under a plan, where the Chapter 13 Trustee's payment records do not show that any such payments were sent to any Navient entity. Likewise, it is a legal impossibility for Navient to have violated the debtors' Chapter 13 plan and confirmation order.

In sum, each of the contempt orders entered against Navient suffers from jurisdictional and legal defects that warrant vacating the orders under Rule 60(b).

## **PROCEDURAL HISTORY**

### **A. The Chapter 13 Plan and Claim Payments**

The Debtors filed this Chapter 13 case in October 2015. *See* Dkt. No 1. On October 28, 2015, Navient Solutions, Inc. (the corporate predecessor of Navient Solutions, LLC) filed proofs of claim in this case for three Federal PLUS student loans issued under the Federal Family Education Loan Program (FFELP) (the "Loans"). *See* Claim 3-1, Claim 4-1, Claim 5-1. Each specified that the "[n]ame and address where notices should be sent" was:

Navient Solutions Inc. on behalf of USAF

Attn: Bankruptcy Litigation Unit E3149

P.O. Box 9430

Wilkes-Barre, PA 18773-9430

*Id*. Each likewise specified that the "[n]ame and address where payment should be sent" was:

MOTION TO VACATE- 2

EISENHOWER CARLSON 909 A Street, Ste. 600 Tacoma, WA 98402 Tel 253.572.4500 Fax 253.272.5732 www.eisenhowerlaw.com

USA Funds – MC E2148

Attn: Deposit Operations

P.O. Box 6180

Indianapolis, IN 46206-6180

*Id*. On May 29, 2018, each of these proofs of claim was amended by the Great Lakes Higher Education Guaranty Corp on behalf of USAF. *See* Claim 3-2, 4-2, 5-2. In contrast to the prior claim forms, no Navient entity is named on these amended proofs of claim, either as a notice party or as a party that is to receive payment. Instead, the proofs of claim specified the following address for notices:

United Student Aid Funds, Inc (USAF)

PO Box 8961

Madison, WI 53700

And similarly, payments were to be sent to:

United Student Aid Funds, Inc. (USAF)

PO Box 809142

Chicago, IL 60681

The Debtors filed an amended Chapter 13 Plan on November 25, 2015, which the court confirmed by its order of January 23, 2016. *See* Dkt Nos. 18, 26. The Debtors' Chapter 13 Plan provided that "[t]he [Chapter 13] Trustee will pay the monthly student loan payment of joint debtor Dee Lorene Shishido (ECF Claims Matrix ## 3, 4, and 5) in the amount of $293.73 to USA Funds - MC E2148, Attn: Deposit Operations, PO Box 6180, Indianapolis, IN 46206-6180." Dkt. No. 18 at 5. The Plan does not otherwise address treatment of the Loans.

The payment history records of the Chapter 13 Trustee show that all payments on account of the Loans were made to United States Aid Funds, Inc. between November 2018 and January 2020. The Chapter 13 Trustee's claim payment records for the Loans reflect that each payment was made to United Student Aid Funds, Inc., and the Chapter 13 Trustee's payment records proffered by the Debtors show no payment to any Navient entity.

MOTION TO VACATE- 3

## B. The Contempt Motions and Entry of Related Orders

On May 26, 2020, the Debtors filed their *Motion for Contempt for Breach of the Confirmed Plan and Order of Confirmation, and Violations of 11 U.S.C. 524(j) and the Discharge Injunction* [Dkt. No. 48] (the "First Contempt Motion"). The proof of service attached to the First Contempt Motion reflected service by United States Mail to:

Navient Solutions, Inc.

PO Box 9500

Wilkes Barre PA 18773-9500; and

Navient Solutions, Inc.

Attn: Bankruptcy Litigation Unit E3149

PO Box 9430

Wilkes Barre PA 18773-9430.

*See* Dkt. No. 48-7 at 1. On July 6, 2020, with no answer or response from Navient, the Court entered an order granting the First Contempt Motion [Dkt. No 52] (the "First Contempt Order"). The Certificate of Notice filed by the clerk for the First Contempt Order does not show service on any Navient entity. *See* Dkt. No. 53.

On August 12, 2020, the Debtors filed a second *Motion for an Order of Contempt for Breach of the Confirmed Plan and Order of Confirmation and Violations of 11 U.S.C. §524(i) and the Discharge Injunction* [Dkt. No. 54] (the "Second Contempt Motion"). The proof of service attached to the Second Contempt Motion reflected service by United States Mail to:

Navient Solutions, Inc.

PO Box 9500

Wilkes Barre PA 18773-9500.

*See* Dkt No. 54-10.

On September 30, 2020, with no answer or response from Navient, the Court entered an order granting the Second Contempt Motion [Dkt No. 57] (the "Second Contempt Order").

On November 4, 2020, the Debtors filed a third *Motion for an Order of Contempt for Breach*

MOTION TO VACATE- 4

EISENHOWER CARLSON
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

Case 15-15924-MLB    Doc 87    Filed 05/17/21    Ent. 05/17/21 12:35:58    Pg. 4 of 13

*of the Confirmed Plan and Order of Confirmation and Violations of 11 U.S.C. §524(i) and the Discharge Injunction* [Dkt. No. 60] (the "Third Contempt Motion"). On that same day, the Debtors filed a "Notice of Presentation of Order" containing a fee demand relating to the First Contempt Motion and the Second Contempt Motion [Dkt. No. 59] (the "Presentment Notice"). The certificates of service for both the Third Contempt Motion and the Presentment Notice reflect service by United States Mail to:

<blockquote>
Navient Solutions, Inc.

PO Box 9500

Wilkes Barre PA 18773-9500
</blockquote>

*See* Dkt Nos. 59-4; 60-15.

On November 29, 2020, the Debtors filed a fourth *Motion for an Order of Contempt for Breach of the Confirmed Plan and Order of Confirmation and Violations of 11 U.S.C. §524(i) and the Discharge Injunction* [Dkt. 70] (the "Navient Corp. Contempt Motion," and together with the First Contempt Motion, the Second Contempt Motion and the Third Contempt Motion, the "Contempt Motions"). The certificate of service for the Navient Corp. Contempt Motion reflects mailing to:

<blockquote>
Mr. Jack Remondi

President and CEO Navient Corporation

123 Justison Street Wilmington DE 19801

*See* Dkt No. 70-20.
</blockquote>

On December 22, 2020, with no answer or response from Navient, the Court entered an order granting the Fourth Contempt Motion [Dkt. No. 73] (the "Navient Corp. Contempt Order", and together with the First Contempt Order and the Second Contempt Order, the "Contempt Orders"). The Court's docket does not reflect separate service of the Navient Corp. Contempt Order upon either Navient Solutions, LLC or Navient Corporation.

### C. Navient's Receipt of the Navient Contempt Order

On or about April 14, 2021, the Debtors transmitted via fax a message demanding a cessation of collection efforts and attaching a copy of the Navient Corp. Contempt Order. Thereafter, Navient

brought the instant Motion.

## ARGUMENT

### I. RELIEF FROM THE CONTEMPT ORDERS IS JUSTIFIED UNDER RULE 60(b)(4)

Federal Rule of Civil Procedure 60(b), as incorporated in this contested matter by Federal Rules of Bankruptcy Procedure 7055 and 9014[2], provides in relevant part that "on motion and just terms, the court may relieve a party of . . . a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect[;] (4) the judgment is void; [or] (6) any other reason that justifies relief." F.R.C.P. 60(b). A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. As further set forth below, each of these grounds support vacating the Contempt Orders entered against Navient.

#### A. Defects in Service Can Render Court Orders Void Under Rule 60(b)(4)

Rule 60(b)(4) provides that a Court may order relief if the judgment or order is void. Defective service of process, and the resulting lack of personal jurisdiction, can render a court order void. *See United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) (internal citations omitted) (noting that in the Ninth Circuit a final judgment is void if "the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law"); *Direct Route, LLC v. Spirevision, Inc.*, No. C09-0486RAJ, 2009 WL 10688090, at *2 (W.D. Wash. July 31, 2009) ("Defective service renders a default judgment void because a court lacks personal jurisdiction over a defendant who has not been properly served. . . . A defendant may obtain relief from a void judgment under Fed. R. Civ. P. 60(b)(4)."); *LREP Arizona LLC v. 597 Broadway Realty LP*, No. CV-16-04015-PHX-DLR, 2018 WL 1729348, at *2 (D. Ariz. Apr. 10, 2018) (finding that the failure to serve defendants renders a judgment void because defendants must be served in accordance with Rule 4(d) or the court lacks

---

[2] F.R.B.P Rule 9014 provides that, in contested matters, F.R.B.P. 7055 applies to such proceedings. F.R.B.P. 7055, in turn, provides that is likewise applicable. F.R.C.P Rule 55(c) provides in relevant part that "the court may set aside an entry of default for good cause, and it may set aside a final default judgment under [F.R.C.P] Rule 60(b)."

MOTION TO VACATE- 6

EISENHOWER CARLSON 909 A Street, Ste. 600 Tacoma, WA 98402 Tel 253.572.4500 Fax 253.272.5732 www.eisenhowerlaw.com

personal jurisdiction; defendants argued court could set aside judgment under 60(b)(1), (4), or (6).)

Generally speaking, the service of process prerequisite to personal jurisdiction applies in contested matters the same as it does in adversary proceedings. *See* Rule 9014(b) (requiring service of contested matter motions in the same manner that a summons and complaint must be served under Rule 7004); *see also In re Frates,* 507 B.R. 298, 302 (B.A.P. 9th Cir. 2014) (stating that, "when a particular creditor's rights are at issue," the bankruptcy rules require more than the minimal notice required to satisfy due process concerns).

Where personal jurisdiction is to be established through service by mail, courts have required strict compliance with its requirements. *See In re 701 Mariposa Project, LLC*, 514 B.R. 10, 19 (B.A.P. 9th Cir. 2014) ("[S]ervice of process by mail for the purpose of establishing personal jurisdiction over a litigant is a rare privilege which should not be abused or taken lightly. . . . [w]here the alternative to service by mail is hiring a process server to serve the papers in person, it seems like a small burden to require literal compliance with the rule.") (quotations omitted).

**B. Service of the Contempt Orders Upon Navient Solutions Was Defective**

Bankruptcy Rule 7004 permits service by mail upon a domestic corporation . . . or other unincorporated association, by mailing a copy of the summons and complaint ***to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process***. Mailing papers to a P.O. Box does not satisfy service requirements. *See, e.g, In re Villar*, 317 B.R. 88, 92–93 (B.A.P. 9th Cir. 2004) ("The service to [defendant']s post office box does not comply with the requirement to serve the Motion to the attention of an officer or other agent authorized as provided in Rule 7004(b)(3). . . . Debtor's service on [defendant] does not specify a person or even an office. The service was insufficient under the plain words of Rule 7004(b)(3). In order to assure that the party being served is apprised of the pendency of an action, valid service requires more than to address the document to a post office box.").

Here, service of each of the First Contempt Motion, the Second Contempt Motion, and the Third Contempt Motion suffers from similar fatal defects. According to the Debtors' certificates of service, each such motion was addressed only to a P.O. Box or department of Navient Solutions, Inc., the corporate predecessor to Navient Solutions, LLC (the present servicer of Debtors' PLUS

MOTION TO VACATE- 7



Loans.) The service plainly did not comply with the facial requirements of Bankruptcy Rule 7004. Absent proper service, personal jurisdiction for each of the contempt motions did not attach to Navient Solutions, LLC. And without jurisdiction, the First Contempt Order, the Second Contempt Order, and the Third Contempt Order are void under Rule 60(b)(4).

### C. The Navient Corp. Contempt Motion Was Served Upon the Wrong Party

As with the defective service above, service upon the wrong entity can likewise warrant voiding a judgment. *See Shaw v. City of Bremerton Police Dep't*, No. C19-5640RBL, 2020 WL 816046, at *2 (W.D. Wash. Feb. 19, 2020) (dismissing claims because plaintiff served an improper party and this ineffective service did not invoke the court's jurisdiction over the intended party); *Serene Grp. Holdings, LLC v. Fed. Deposit Ins. Corp.*, No. 09-CV-1572-RLH-LRL, 2010 WL 11636676, at *2 (D. Nev. Feb. 3, 2010) (setting aside entry of default in part because of "improper service on an improper party"); *Updegrave v. United States*, No. CV-04-242-HU, 2004 WL 2127152, at *3 (D. Or. Sept. 22, 2004), *report and recommendation adopted*, No. CV 04-242-HU, 2004 WL 3170507 (D. Or. Dec. 7, 2004) (recommending dismissal because service directed at the wrong entity was not effective); *see also Cordero v. AT&T*, No. 15CV5601RRMST, 2017 WL 52591, at *3 (E.D.N.Y. Jan. 4, 2017) ("Where service on an incorrect entity is improperly made, default entered against the defendant must be vacated."); *White v. Mortg. Elec. Registration Sys., Inc.*, No. 05-CV-40018, 2006 WL 8448590, at *1 (E.D. Mich. Mar. 20, 2006), *report and recommendation adopted*, No. CV 05-40018, 2006 WL 8448591 (E.D. Mich. May 3, 2006) (setting aside entry of default because plaintiff served Wells Fargo rather than defendant Mortgage Electronic Registration Systems); *Vander Meer-Weiss v. Kroger Co.*, No. 18-CV-1001, 2019 WL 6726089, at *3 (E.D. Wis. Dec. 11, 2019) (finding "good cause" to set aside default because plaintiff served a non-existent entity called "Kroger Company" rather than defendant The Kroger Co.).

Here, Navient Solutions, LLC is the proper service party. The Debtors knew or should have known this—indeed, their first three motions for contempt were mailed (albeit served improperly) to Navient Solutions, Inc., the corporate predecessor for Navient Solutions, LLC. But instead of properly serving Navient Solutions, LLC through either its registered agent or to a corporate officer (information readily obtainable through a simple Google search), the Debtors instead chose to serve

MOTION TO VACATE- 8

EISENHOWER CARLSON 909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

Navient Corporation, an entity that does not service any student loans in any fashion. The record shows overwhelmingly that Debtors knew of this distinction. Apart from the mailing of the first three contempt motions to Navient Solutions, Inc., the Debtors notably have attempted to levy writs of garnishment on Navient Solutions, Inc. since entry of the Contempt Orders, not Navient Corporation. *See* Dkt. Nos. 78, 83. Further, the Navient Corp. Contempt Motion contains false claims of connections to Navient Corporation. For example, as justification for service on Navient Corporation, the Debtors claim that "The web address provided on all of the Navient correspondence directed to the joint debtor is navient.com, which is the web address of Navient Corporation." *See* Navient Corp. Contempt Motion at 7. Yet it is prominently disclosed on www.navient.com that the website is copyrighted by Navient Solutions, LLC and the site plainly states that "Navient and the Navient logo are registered service marks of Navient Solutions, LLC."[3] As such, the Debtors were on notice that Navient Solutions, LLC was the proper party for service, even in view of the Debtors' claim that "[t]he invoices with attached payment coupons instruct the joint debtor to make checks payable to "Navient."[4] *See* Navient Corp. Contempt Motion at 7.

In sum, the Debtors knew or should have known that Navient Corporation was the wrong party to serve with the Navient Corp. Contempt Motion. This defective service on an incorrect entity likewise makes the Navient Corp. Contempt Order void under F.R.C.P. Rule 60(b)(4).

**II. RULE 60(b)(1) ALSO JUSTIFIES VACATING THE CONTEMPT ORDERS**

Though the service defects outlined above render the Court's Contempt Orders against Navient Solutions, LLC and Navient Corporation void under Rule 60(b)(4), additional grounds to vacate such orders exist under Rule 60(b)(1). In short, based on Debtors' assertions, as a matter of

---

[3] *See* https://www.navient.com/, last accessed May 11. 2021

[4] The Debtors claim also that the corporate address of Navient Corporation appears on the Debtors' credit report. *See* Navient Corp. Contempt Motion at 7. As the Debtors did not attach a copy of any such credit report to the Navient Corp. Contempt Motion, Navient Solutions, LLC and Navient Corporation are unable to determine the veracity of this claim. Nevertheless, even if this were true, the overwhelming number of references to Navient Solutions, LLC in the record, and Debtors' persistent mailing of the motions to Navient Solutions, Inc., demonstrate the Debtors knew or should have known that Navient Solutions, LLC was the proper service party for the Navient Contempt Motion.

MOTION TO VACATE- 9

EISENHOWER CARLSON 909 A Street, Ste. 600 Tacoma, WA 98402 Tel 253.572.4500 Fax 253.272.5732 www.eisenhowerlaw.com

law, neither Navient Solutions, LLC nor Navient Corporation could have committed the violations set forth in the Contempt Orders.

Federal Rule of Civil Procedure 60(b)(1) specifies that relief from a judgment is appropriate on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Courts in this Circuit have applied this doctrine to errors of law. *See Long v. U.S. Parole Comm'n*, 963 F.2d 379 (9th Cir. 1992) (finding Rule 60(b)(1) provided the authority for the district court to correct its judgment, which the government alleged was "based on an incorrect assumption about a relevant fact and a mistake of law"); *Hahn v. Strasser*, No. C10-959RSM, 2011 WL 13229073, at *2 (W.D. Wash. Mar. 14, 2011) ("Rule 60(b)(1), which applies to 'mistake, inadvertence, surprise, or excusable neglect,' permits a court to correct its own inadvertence, mistakes of fact, or mistakes of law."). While typically a movant arguing a mistake of law must move "within a reasonable time not exceeding the time for appeal," courts make an exception when the movant can "establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *In re Sattler*, 840 F. App'x 214, 214–215 (9th Cir. 2021) (mem.).[5]

Each of the Contempt Orders finds that Navient Solutions, LLC or Navient Corporation violated the "discharge order, 11 U.S.C. §524(i), the confirmed plan, and the order of confirmation." None of these is correct as a matter of law.

### A. As a Matter of Law, Navient Solutions, LLC and Navient Corporation Could Not Have Violated the Discharge Order

In relevant part, 11 U.S.C. § 524(a) provides that "[a] discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any [discharged] debt as a personal liability of the debtor." By its terms then, the discharge injunction applies only to debts actually discharged. Not all debts are discharged. In particular, 11 U.S.C. § 523(a)(8)(A)(i) provides that, absent a showing of undue hardship, an

---

[5] Navient submits that the defective service of the Contempt Motions constitute extraordinary circumstances that rendered it unable to prosecute an appeal. Likewise, Navient submits that the circumstances set forth in this Motion constitute extraordinary grounds for relief under F.R.C.P. Rule 60(b)(6).

MOTION TO VACATE- 10

EISENHOWER CARLSON 909 A Street, Ste. 600 Tacoma, WA 98402 Tel 253.572.4500

educational . . . loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution" is excepted from discharge. There can be no dispute that the PLUS loans at issue here are such federally guaranteed educational loans.[6] The Debtors' Chapter 13 plan did not contain a finding of undue hardship, nor did it direct a discharge of such PLUS loans. Further, the Court's own discharge order cautions that "[s]ome debts are not discharged . . . [e]xamples of debts that are not discharged are . . . debts for most student loans." Dkt. No. 43 at 1.

As the debtor's federal student loans were never discharged, it is a legal impossibility for Navient to have violated the discharge order in this case.

### B. The Record Does Not Show Any Indication that Navient Failed to Credit Plan Payments Under Section 524(i)

The record does not show that Navient could have violated 11 U.S.C. § 524(i). Section 524(i) provides in relevant part that "[t]he willful failure of a creditor to credit payments received under a plan confirmed under this title, unless . . . the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of [the discharge] injunction." The record does not show that Navient failed to credit any of the Debtors' plan payments. Indeed, the Trustee's payment exhibits provided by the Debtors show that all of the Chapter 13 Trustee's payments made on account of the Debtors' PLUS loans were made to United Student Aid Funds, Inc., not to Navient. In short, the Debtors made no showing that Navient failed to credit any payments received under the Chapter 13 Plan, as there was no showing that Navient received any such payments.

//

//

---

[6] The Court may take judicial notice of the description of the Federal PLUS loan program, which is available at the government website https://studentaid.gov/understand-aid/types/loans/plus (last accessed May 11, 2021) ("Direct PLUS Loans are federal loans that graduate or professional students and parents of dependent undergraduate students can use to help pay for college or career school.").

MOTION TO VACATE- 11

EISENHOWER CARLSON 909 A Street, Ste. 600 Tacoma, WA 98402 Tel 253.572.4500 Fax 253.272.5732 www.eisenhowerlaw.com

### C. The Record Likewise Does Not Show that Navient Violated the Debtors' Plan or Confirmation Order

The record is also barren of any indication that Navient violated any provision of the Debtors' Chapter 13 Plan or the Court's confirmation order. As set forth above, the Chapter 13 Plan did not discharge the Debtors' PLUS Loans or specify any treatment for the Debtors' PLUS loans except for a provision directing the Chapter 13 Trustee to "pay the monthly student loan payment of joint debtor Dee Lorene Shishido (ECF Claims Matrix ## 3, 4, and 5) in the amount of $293.73 to USA Funds - MC E2148, Attn: Deposit Operations, PO Box 6180, Indianapolis, IN 46206-6180." Dkt. No. 18 at 5. In short, the Chapter 13 plan neither mandated any action from Navient nor prohibited it from attempting to service federal student loan debt that was not discharged in this proceeding.

### CONCLUSION

The Contempt Orders against Navient Solutions, LLC and Navient Corporation should be vacated under Rule 60(b). As set forth above, each suffers from fatal jurisdictional defects that renders the Orders void. Likewise, as a matter of law and based upon the showing in the record, Navient Solutions, LLC and Navient Corporation could not have violated the statutory provisions or plan confirmation orders regarding which the Court entered the Contempt Orders. Accordingly, for the reasons set forth above, the Court should vacate each of the Contempt Orders, as well as grant any other relief that is just and proper.

MOTION TO VACATE- 12

EISENHOWER CARLSON 909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

Case 15-15924-MLB    Doc 87    Filed 05/17/21    Ent. 05/17/21 12:35:58    Pg. 12 of 13

| | |
|---|---|
| Dated May 17, 2021 | Respectfully submitted, |

**EISENHOWER CARLSON PLLC**

By: /s/ Samuel J. Dart
Samuel J. Dart, WSBA No. 47871
909 A Street, Suite 600
Tacoma, Washington 98402
Telephone: (253) 572-4500
Facsimile: (253) 272-5732
E-Mail: SDart@Eisenhowerlaw.com

*Counsel to Navient Solutions, LLC and Navient Corp.*

–and–

**MCGUIREWOODS LLP**

By: /s/ Joseph A. Florczak
Joseph A. Florczak (to be admitted *pro hac vice*)
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
Telephone: 312.849.8100
Email: jflorczak@mcguirewoods.com

*Counsel to Navient Solutions, LLC and Navient Corp.*

MOTION TO VACATE- 13