HONORABLE MARC L. BARRECA
CHAPTER 13
HEARING DATE: JUNE 23, 2021
HEARING TIME: 9 AM
HEARING LOCATION: TELEPHONE
RESPONSE DATE: JUNE 16, 2021

**U.S. BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**

| In re: | Bankruptcy Case #: 15-15924-MLB |
|---|---|
| RONALD E. HOWELL and DEE L SHISHIDO,<br><br>Debtors, | MOTION TO STRIKE MOTION TO VACATE DEFAULT AND RESPONSE TO MOTION TO VACATE DEFAULT ORDER AGAINST NAVIENT |

## I.  SUMMARY OF ARGUMENT

**A.  The motion should be stricken for lack of supporting evidence.**

Navient Solutions LLC (hereafter NS LLC) and Navient Corporation (hereafter Navient) fail to submit any supporting evidence for their motion. They allege improper notice without establishing or asserting lack of actual notice, nor of what internal actions led to its failure to respond five times. As discussed below, it is incumbent that such evidence be presented to the court in some form, usually by sworn declaration or affidavit. Without such supporting evidence here, the motion should be stricken in its entirety.

**B.  The motion should be denied on the merits**

The 60(b)(4) motion should be denied because the court has had jurisdiction over NS LLC/Navient since it filed its creditor claims. Further, service on the Navient CEO

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENTOF CONTEMPT
1 of  12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA  98273
360-755-1000

Case 15-15924-MLB    Doc 96    Filed 06/16/21    Ent. 06/16/21 19:58:46    Pg. 1 of 12

complies with the service rule for both NS LLC and Navient. Further still, NS LLC/Navient has failed to show, on any basis, that it did not actually receive the five notices sent by the debtors, including the fourth notice directed to the Navient Corporation CEO. The motion under 60(b)(1) is invalid; there is no mistake of law. NS LLC/Navient failed to credit payments under 11 USC 524(i). NS LLC/Navient presents no evidence to show it was not paid for debts at issue. The order of default is valid and should be affirmed.

## II. SUPPLEMENTAL FACTS/FACTUAL OBSERVATIONS

**A. The court has jurisdiction over NS LLC from its claim filing *and* Navient Corporation LLC as its principal.**

Because NS LLC had already submitted its claims to the court, the court already had jurisdiction over it. *Katchen v. Lady,* 382 U.S. 323, 334-35 (1966)(by presenting claim respondents submitted themselves to all the consequences that attach to an appearance). Similarly, as discussed below, because NS LLC was an agent of Navient Corporation, it too should be treated as being under the jurisdiction of the court, generally speaking.

**B. NS LLC is a wholly owned subsidiary of Navient Corporation; both are involved in making student loans and collecting on them.**

NS LLC is a wholly owned subsidiary of Navient Corporation; the following appears on the NS LLC website home page:

> © 2021 Navient Solutions, LLC (NMLS #212430). All rights reserved.
>
> Navient and the Navient logo are registered service marks of Navient Solutions, LLC. Navient Corporation and its subsidiaries, including Navient Solutions, LLC, are not sponsored by or agencies of the United States of America.

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENTOF CONTEMPT
2 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB   Doc 96   Filed 06/16/21   Ent. 06/16/21 19:58:46   Pg. 2 of 12

1  NS LLC is an agent of Navient Corporation.  The business of both is the making of
2  student loans and securing their repayment.

**C.  The debtors provided five separate notices to Navient: four to NS LLC and a fifth to Navient Corporation incorporating the first four, which was sent directly to the CEO, per direction of this court.**

NS LLC/Navient received five separate notices of these proceedings, culminating in the final one mailed directly to its CEO in Delaware.  Here the court should note that the first notice was sent to NS LLC at two post office boxes: a general P.O. Box in Wilkes Barre, number 9500, but also to the Bankruptcy Litigation Unit E3149 at P.O. Box 9430, also in Wilkes Barre.  Significantly, the fifth notice sent to the Navient CEO incorporated the four prior ones that had been mailed to NS LLC at the P.O. boxes.

**D.  NS LLC and Navient Corporation received all five notices**

The five notices were all duly delivered; none were returned.  Similarly, there is no declaration or affidavit from any person at NS LLC/ Navient stating that any of them were not received.

**E.  NS LLC /Navient simply failed to respond to the five notices.**

There is no explanation in the record anywhere of why both NS LLC and its parent Navient Corporation completely failed to respond in any manner.

**F.  NS LLC/Navient received payment for the loans at issue from the trustee.**

Similarly, the motion does not allege, anywhere, that it has not been paid for the debtor's loans through the plan and the trustee.

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENTOF CONTEMPT
3 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 96    Filed 06/16/21    Ent. 06/16/21 19:58:46    Pg. 3 of 12

**G.    NS LLC /Navient issued the statements and notices that violated the statute, including voice messages and text messages; they jointly participated in servicing the loans at issue.**

NS LLC/Navient never denies that it did commit acts which would otherwise be in violation of the statute. It cannot. All communications to the debtor were identified as coming from "Navient.



Prior to the muted suspension of collection efforts for the debtors following NS LLC/Navient's decision to respond to these proceedings in April of 2021, debtors received voice mails and texts from "Navient." *Dec. D. Shishido.*

**H.    NS LLC/Navient suspended collection efforts following its recognition of this litigation.**

Following NS LLC/Navient's realization and awareness of this litigation, it suspended – somewhat – collection efforts. The regular phone calls and text messages stopped, although most recently debtors did receive another collection letter from "Navient." *Dec. D. Shishido.*

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENT OF CONTEMPT
4 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 96    Filed 06/16/21    Ent. 06/16/21 19:58:46    Pg. 4 of 12

**I.     Navient Corporation is the holder of the note.**

NS LLC/Navient asserts that Navient Corporation "does not service any student loans in any fashion." Still, the note in this matter is held by Navient Corporation.

**J.     NS LLC/Navient missed the appeal deadline.**

NS LLC/Navient had 14 days to file an appeal of the court's order. More than 14 days elapsed after the default judgment was entered without any appeal being filed.

## III.     ARGUMENT ON MERITS

**A.     NS LLC and Navient Corporation should be treated as the same entity.**

The motion's central premise is that NS LLC and Navient Corporation should be treated separately, especially when analyzing sufficiency of process. That is a slippery slope, as they are ultimately attached at the hip. Navient Corporation is the parent of NS LLC; NS LLC is the fully owned subsidiary of Navient Corporation. The primary business of both concerns making and collecting student loans. Account statements do not mention NS LLC, but are labeled as being from "Navient." Even before this court, they have in briefing through single counsel deemed themselves collectively to be "Navient." Debtors are required to make payment to "Navient." Debtors here have received phone calls, phone messages and texts from "Navient." The notion that they should be bifurcated is an artifice.

**B.     The court had jurisdiction over both NS LLC and Navient Corporation; the default judgment/order is not void under 60(b)(4).**

**1.     NS LLC filed the claims originally; it is the agent of Navient Corp.**

This court gained personal jurisdiction over NS LLC, according to the U.S. Supreme Court, when NS LLC filed its claims with this court. Further, as it is and was unquestionably

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENTOF CONTEMPT
5 of  12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA  98273
360-755-1000

Case 15-15924-MLB    Doc 96    Filed 06/16/21    Ent. 06/16/21 19:58:46    Pg. 5 of 12

an agent for Navient Corporation, this court should conclude as a matter of law that there was jurisdiction over it by agency and proxy.

**2. The service made upon the CEO binds both NS LLC and Navient Corp.**

This court previously found that service by mail on the CEO of Navient Corporation would be deemed to be sufficient for purposes of imposing contempt. NS LLC and Navient Corporation take the position that it should not be. A defendant seeking relief from a default judgment on the basis of insufficiency or service by U.S. mail must (1) rebut the presumption of receipt and establish that it did not receive the process sent to it; (2) establish that failure to receive the process was not the result of its own fault; and (3) show a meritorious defense to the complaint against it. *In re Olympia Holding Corp.*, 230 B.R. 623, 43 Fed. R. Serv. 3d 44 (Bankr. M.D. Fla. (1999).

**3. Neither NS LLC nor Navient provide any evidence of why all the notices, though received, were ignored.**

Historically, typically, and traditionally, a party seeking to avoid a default judgment presents its argument in the first instance by explaining, by sworn testimony, the circumstances related to its failure to appear and defend. Two cases cited by NS LLC/Navient illustrate this principle. *Cordero v. AT&T*, No. 15CV5601RRMST, 2017 WL52591 (2017)(declarations from AT&T employees); *Meer-Weis v. Kroger Co.*, 18CV1001 (2019)(declarations from Kroger employees). Here there is no evidence submitted by NS LLC/Navient to explain how it came to be that they collectively received and ignored <u>five</u> validly delivered notices. Without evidence to support and explain the failure to act, collectively, the motion to vacate should be denied.

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENTOF CONTEMPT
6 of  12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA  98273
360-755-1000

Case 15-15924-MLB    Doc 96    Filed 06/16/21    Ent. 06/16/21 19:58:46    Pg. 6 of 12

**4. The notice to the CEO of Navient Corporation was effective and sufficient under the statute as to both it and NS LLC.**

The motion concedes that the debtor's service on the Navient Corporation CEO was sufficient for service on Navient Corporation; despite that, it asserts that service must be made separately on NS LLC. The debtors dispute this under a plain application of Rule 7004. First, as pointed out above, there is plain evidence that "Navient," whatever that term might mean, was involved in the administration of these loans, especially as to the collection of payments. The current briefing says that NS LLC is the arm of Navient services its loans. Similarly, the statements said "Navient;" debtors were directed to make payment to "Navient;" debtors received voice mails and phone calls from "Navient;" debtors received text messages from "Navient." In none of these instances was there any mention of "Navient Solutions LLC." Again, NS LLC is a wholly owned subsidiary of Navient Corporation.

Rule 7004(3) says that service may be had on "a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Debtors here assert that the CEO of Navient Corporation fits within this definition for purposes of determining whether service on NS LLC is sufficient. The CEO of Navient Corporation is a managing or general agent, by necessity and by law, for NS LLC. It is the principal for NS LLC.

**5. The service provided was otherwise sufficient to apprise NS LLC/Navient of the proceedings and to allow it a fair opportunity to defend.**

The backdrop to any sufficiency of service argument is whether it is constitutionally sound under basic principles of due process, whether the notice provided afforded the non-responding party a fair opportunity to understand the proceedings and to respond appropriately. If the answer to this question is yes, then the court can fairly be said to have

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENTOF CONTEMPT
7 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 96    Filed 06/16/21    Ent. 06/16/21 19:58:46    Pg. 7 of 12

personal jurisdiction.  In this case, the answer to that inquiry clearly amplifies that provided above, that this court fairly had jurisdiction over NS LLC/Navient such that it should be bound by the default judgment.

First, as indicated, the court had jurisdiction because NS LLC/Navient filed the claims within the bankruptcy case, and subjected itself to the jurisdiction of the court. Second, though the four notices to the P.O. boxes for NS LLC did not comply with the statute, they were received by NS LLC because 1) they were bona fide P.O. box numbers provided by NS LLC and they were never returned to debtors and NS LLC submits no evidence indicating, in any way, that they were not duly received.  Third, the fifth notice was sent to the Navient Corporation CEO at his valid corporate address in Delaware.  That notice included and incorporated the prior notices to NS LLC.  Again, this was not returned to debtors, and there is no evidence anywhere to indicate that it was not duly received by NS LLC/Navient.  All of these notices were designed to and did in fact provide NS LLC/Navient with fair opportunities to appear in court and defend against the allegations.  For reasons that are still unexplained, *both* NS LLC and Navient Corporation did not respond. *Cf. In re Frates,* 507 B.R. 298 (9th Cir. BAP 2019)(sufficient service by mail on Wells Fargo CEO, despite failure to serve Wells Fargo counsel; default against Wells Fargo approved).

### 6. There is no meritorious defense

NS LLC/Navient has no meritorious defense to this action.  It does not refute the fact that it was engaging in the various collection activities; it does not submit evidence that it was not paid.  Despite the fact that it is the original claimant, it simply takes the position that it is exempted from this law.  This is audacious to be sure, but that does not amount to merit.

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENTOF CONTEMPT
8 of  12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA  98273
360-755-1000

Case 15-15924-MLB    Doc 96    Filed 06/16/21    Ent. 06/16/21 19:58:46    Pg. 8 of 12

**C.     There was no mistake under 60(b)(1)**

    **1.     The violation need not pertain to a discharged debt.**

The motion was filed under subsection (i) which plainly related, additionally, to failure to credit payments made under a plan. NS LLC/Navient Corporation's attempt to cleverly read the word "discharge" into the statute – through the use of brackets -- should be rejected.

    **2.     NS LLC/Navient failed to credit plan payments**

NS LLC/Navient's attempt here to disassociate itself from its agent USAF is spurious and specious. NS LLC filed the claims. NS LLC/Navient is now trying to collect on the debt. That it instructed the trustee to make payments to another entity does not exempt it from properly crediting plan payments. Moreover, in making this this argument, NS LLC/Navient Corporation, even now, does not say it has not been paid. Has it received funds from USAF?

    **3.     NS LLC/Navient Corporation repeatedly violated the statute.**

NS LLC/Navient Corporation is delusional when it asserts "the record is barren" of any violations by it. The documents submitted to the court originally contained a series of exhibits, all collection notices and letters, from "Navient" to the debtors. NS LLC/Navient Corporation, in turn, in filing its claims with the court, directed the trustee to make payments to its agent USAF. Moreover, NS LLC/Navient was the original claimant on the claim forms. Here, in real time, NS LLC/Navient is asking this court to grant it a categorical exemption from the statute by its manipulation of the claim form, making USAF the claims agent. NS LLC/Navient fails to supply any authority for this proposition and it should be rejected here as absurd.

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENTOF CONTEMPT
9 of  12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA  98273
360-755-1000

Case 15-15924-MLB    Doc 96    Filed 06/16/21    Ent. 06/16/21 19:58:46    Pg. 9 of 12

**4. NS LLC/Navient has since suspended collection efforts.**

The "legal impossibility" argument of NS LLC/Navient is undercut by the fact that it has largely suspended collection efforts on the debtors since it became aware of the judgment here in April of this year. *Dec. D. Shishido*. If application of the statute were legally impossible against it, then why was there a suspension of such collection efforts? *Dec. D. Shishido.*

**5. There were no extraordinary circumstances under 60(b)(6); NS LLC/Navient Corp. missed its appeal deadline.**

In an attempt to mop up its problem here, the final argument made in the motion is that "these" circumstances of "legal impossibility" are somehow "extraordinary" under Rule 60(b)(6). NS LLC/Navient thus assert they should be excused from the ordinary 14 day appeal period. *Mtn. Vacate*, 10, ln.15 and fn. 5. There is no precedent or authority for their novel "legal impossibility" theories; likewise there are no extraordinary circumstances. Plain and simple, NS LLC/Navient missed the 14 day deadline multiple times, but most succinctly after the court entered the contempt order after service on the Navient Corporation CEO. Without some evidence as to why there was no response at that time, NS LLC/Navient should be bound by their failure to respond. There is nothing extraordinary about that.

## IV. CONCLUSION

The motion to vacate should be denied and the order of default and contempt affirmed as to both NS LLC and Navient Corporation. Notice by mail provided to the Navient CEO was sufficient to invoke jurisdiction over it and NS LLC. Further, they received collectively no less than five notices of the proceedings and failed to respond five times. To this day there is no explanation as to why. The arguments under 60(b)(1) are artificial, contrived of

<br>

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENTOF CONTEMPT
10 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

<br>

<br>
<br>

Case 15-15924-MLB    Doc 96    Filed 06/16/21    Ent. 06/16/21 19:58:46    Pg. 10 of 12

corporate chicanery and in avoidance of basic agency principles. Finally, the failure by NS LLC/Navient to affirmatively assert that it has not been paid by the debtors, reveals that it was, and further, that its violations of the statute were willful and deliberate. It's brazen attempt here to artificially exempt itself from the plain requirement to properly credit debtors payments should be rejected by this court.

Respectfully submitted this 16th day of June 2021,

__/s/ Thomas E. Seguine_____
Thomas E. Seguine
Counsel for Plaintiffs
WSBA # 17507
1023 South 3rd Street
Mount Vernon WA 98273
360-755-1000
northcascadeslegal@gmail.com
Counsel for Debtors

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENTOF CONTEMPT
11 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 96    Filed 06/16/21    Ent. 06/16/21 19:58:46    Pg. 11 of 12

# Certificate of Service

I am employed in Skagit County, Washington, State of Washington. I am over the age of 18 and am not a party to the within action; my business address is 1023 South 3rd Mount Vernon, WA 98273.

On or about June 16, 2021 I served a copy of this documents on the interested parties in this action, listed below, in one or more of the following manner(s):

**BY REGULAR MAIL**: I placed copies of the document in sealed envelopes and caused such envelopes to be deposited in the United States mail with postage thereon fully prepaid and addressed as stated in the attached service list.

**BY HAND DELIVERY**: I placed copies of the document in sealed envelopes and caused such envelopes to be delivered by messenger to the addresses as stated on the attached service list.

**BY FACSIMILE**: I served the document by facsimile to the facsimile numbers stated on the attached service list by each party and/or attorney of record.

**BY ELECTRONIC MAIL:** I electronically transmitted copies of the document to the most recent known email address of the addressee.

**OTHER**: _____

*/s/ Thomas E. Seguine*

_____

**Service List**

Samuel J. Dart, WSBA 47871
Eisenhower Carlson
900 A. Street, Ste. 600
Tacoma WA 98402
Also sent by email to sdart@eisenhowerloaw.com
Counsel to Navient Solutions LLC and Navient Corp.

Joseph A. Florczak
77 W. Wacker Drive, Ste. 4100
Chicago IL 60601
Also sent by email to jflorczak@mcguirewoods.com
Counsel to Navient Solutions LLC and Navient Corp.

DEBTORS REPLY TO NAVIENT MOTION
TO VACATE JUDGMENTOF CONTEMPT
12 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 96    Filed 06/16/21    Ent. 06/16/21 19:58:46    Pg. 12 of 12