| | |
|---|---|
| | The Hon. Marc Barreca<br>Chapter 13<br>Location: Telephonic (Everett)<br>Hearing Date: June 9, 2021<br>Hearing Time: 9:00 a,m.<br>Response Date: June 2, 2021 |

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
Seattle Division**

| | |
|---|---|
| In re:<br><br>RONALD EDGAR HOWELL,<br><br>DEE LORENE SHISHIDO,<br><br>Debtors. | Chapter 13<br><br>Bankr. Case No.: 15-15924-MLB<br><br>**REPLY IN SUPPORT OF MOTION FOR AN ORDER RELIEVING NAVIENT SOLUTIONS, LLC AND NAVIENT CORP. FROM ORDERS OF CONTEMPT** |

COMES NOW Navient Solutions, LLC and Navient Corporation (sometimes referred to collectively herein as "Navient"), by and through their attorneys, Samuel J. Dart and the law firm of Eisenhower Carlson PLLC, and Joseph A. Florczak and the law firm of McGuireWoods LLP[1], and hereby submit Navient's *Reply In Support of Motion for an Order Relieving Navient Solutions, LLC and Navient Corp. from Orders of Contempt* and respectfully state as follows:[2]

## APPLICABLE LEGAL STANDARD

In the Ninth Circuit, as elsewhere, once a defendant has established a prima facie error in service, the party attempting to effect service bears the burden of proof to show effective service. *See, e.g, In re Villar*, 317 B.R. 88, 94 (9th Cir. BAP 2004) (once defendant has established a prima facie error in service, the party attempting to effect service bears the burden of proof); *In re Ass'n of*

---

[1] Joseph Florczak and the law firm of McGuireWoods are authorized to appear *pro hac vice* pursuant to the Court's Order dated May 18, 2021. *See* ECF No. 91.

[2] As used herein, "Motion" refers to *Navient's Motion for an Order Relieving Navient Solutions, LLC and Navient Corp. from Orders of Contempt* [Dkt. No. 87] and "Opposition" refers to the Debtors' opposition to the Motion [Dkt. No. 96]. The "Shishido Decl." refers to the declaration filed in support of the Opposition [Dkt. No. 96-1]. Capitalized terms not otherwise defined have the meaning given them in the Motion.

REPLY IN SUPPORT OF MOTION TO VACATE- 1

EISENHOWER CARLSON
909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

*Volleyball Pros.*, 256 B.R. 313, 317 (Bankr. C.D. Cal. 2000) ("The plaintiff bears the burden of proving that the service recipient is a qualified recipient of service.").

Service by first class mail is not permitted under the Federal Rules of Civil Procedure and is unique to bankruptcy proceedings. Devoid of the traditional safeguards and certainty of in-person service, courts require strict compliance Bankruptcy Rule 7004, and have held that mere mailing to a P.O. Box does not constitute "substantial compliance" with service rules sufficient to protect a litigant's due process rights. *Villar*, 317 B.R. at 92–93 ("[S]ervice to [a] post office box does not comply with the requirement to serve the Motion to the attention of an officer or other agent authorized as provided in Rule 7004(b)(3)." and did not protect due process rights); *In re Sun Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc.)*, 2004 WL 941190, 2004 Bankr. LEXIS 572, *18 (Bankr. D.Del. 2004) (setting aside default judgments because the debtor plaintiffs did not serve an officer of the defendant and only used a post office box, with the service not addressed to an officer or agent).

Further, not just any agent can receive service on behalf of a corporation. Rule 7004(b)(3) specifies that the agent must be a managing or general agent or an agent specifically designated for such purpose by appointment or by law. *Volleyball Pros.*, 256 B.R. at 317. Service on any other corporate employee is not sufficient. *Id.*; *see also Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513–14 (3d Cir.1971). Most notably, service not directed to the attention of a particular person is not sufficient. *Volleyball Pros.*, 256 B.R. at 317.

## ARGUMENT

In the Motion, Navient has established defective service with respect to both Navient Solutions, LLC and Navient Corporation. *See* Motion at 7-9. Accordingly, it is the Debtors who bear the burden of demonstrating that service is effective. This they have not done.

### I. THE DEFECTIVE SERVICE ON NAVIENT SOLUTIONS, LLC WARRANTS VACATEUR OF THE CONTEMPT ORDERS

The Debtors and Navient agree about one thing: The mailing of the notices to a P.O. Box of Navient Solutions did not comply with Bankruptcy Rule 7004. *See* Opposition at 8. Nevertheless, the Debtors strain to argue that their admittedly defective mailings on Navient

REPLY IN SUPPORT OF MOTION TO VACATE - 2

EISENHOWER CARLSON 909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

Case 15-15924-MLB    Doc 103    Filed 06/18/21    Ent. 06/18/21 12:54:21    Pg. 2 of 7

Solutions should be rendered valid on three basic theories, each suffering from one or more fatal defect: (a) Navient Solutions, LLC consented to the bankruptcy court's jurisdiction through the filing of its initial proof of claim, (b) Navient Solutions, LLC received actual notice of the defectively-served papers sufficient to protect its due process rights; and (c) the Debtors' service on the CEO of Navient Corporation is valid for Navient Solutions, LLC under an agency theory.

### A. As is Their Burden, Debtors Have Made No Showing Whatsoever of Receipt of Service by an Authorized Agent or Officer of Navient Solutions

The Debtors argue that the admittedly defective service on Navient Solutions should be rendered sufficient because Navient Solutions "received" the notices at its P.O. Box. *See* Opposition at 6, 8. Established case law demonstrates that mere receipt by "someone" at a corporate entity is not sufficient for valid service. Such a mailing

> does not trigger the presumption that a person who was responsible for litigation received actual knowledge about it before the order was granted. . . . Rule 7004(b)(3) states what is required for adequate service upon a corporation. A presumption that the mail was received by [the corporation] does not include the presumption that the motion was received by an officer or authorized agent. Only if the notice is "directed to a corporation and the attention of an officer or agent as identified in Rule 7004(b)(3)," can it be considered to have been received by a person who is charged with responding to the service.

*In re Villar*, 317 B.R. 88, 94–95 (B.A.P. 9th Cir. 2004); *see also In re Monk*, No. ADV 10-6067-FRA, 2013 WL 4051864, at *4 (Bankr. D. Or. Aug. 9, 2013) ("[A] presumption that the mail was received by [defendant] does not include the presumption that [it] was received by an officer or authorized agent.")

Here, none of the certificates of service proffered by the Debtors show that any attempt at service was directed to an officer or agent of Navient Solutions, as required by Rule 7004(b)(3), and the Debtors offer no other evidence that service was effected upon such a person. The burden to prove effective service is upon the Debtors, and they have failed to meet that burden.

### B. The Filed Proofs of Claim Do Not Permit Debtors to Assert Jurisdiction Based Upon Defective Service

The Debtors next argue that Navient Solutions' initial filing of a proof of claim subjects it to the general jurisdiction of the bankruptcy Court. This argument ignores that each such proof of

REPLY IN SUPPORT OF MOTION TO VACATE - 3

EISENHOWER CARLSON 909 A Street, Ste. 600 Tacoma, WA 98402 Tel 253.572.4500 Fax 253.272.5732 www.eisenhowerlaw.com

claim was subsequently amended to name United Student Aid Funds, Inc., a student loan guarantor affiliated with Great Lakes Higher Education Corporation, as the entity holding the claim. *See* Exhibit B to the Florczak Declaration filed contemporaneously herewith. In any event, numerous cases have held that the filing of a proof of claim does not relieve the moving party from the obligation to provide adequate service under Bankruptcy Rule 9014 and Bankruptcy Rule 7004. *See In re Levoy,* 182 B.R. 827, 833–34 (B.A.P. 9th Cir. 1995) (finding formal service of process was required for an objection to a filed proof of claim); *In re Morrow*, No. 01-42229, 2003 WL 25273857, at *2 (Bankr. D. Idaho Apr. 16, 2003) ("Defective service of [an objection to a filed proof of claim] would alone be grounds to overrule it."). As set forth above, Navient has established that service was defective, and the Debtors have made no showing that the service was sufficient to comport with due process of law.

### C. Debtors Assert No Basis Whatsoever that Navient Solutions, LLC Is an Agent of Navient Corporation.

The Debtors also raise the specious argument that Navient Solutions, LLC is the "agent" of Navient Corporation. But a "parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003). A subsidiary's contacts may be imputed to its parent for personal jurisdiction purposes only where the subsidiary is the parent's alter ego. *Id.* To demonstrate a parent and its subsidiary are alter egos, the *plaintiff* must establish a prima facie case that the two companies share "such unity of interest and ownership" that the companies' separateness no longer exists and "failure to disregard [their separate identities] would result in fraud or injustice." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir.2001) (quotation omitted). Typically, this would involve showing the parent controls the subsidiary's internal affairs or daily operations. *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir.1980). In other words, a parent may involve itself directly in its subsidiary's activities without becoming an alter ego "so long as that involvement is consistent with the parent's investor status." *Harris Rutsky & Co. Ins. Servs., Inc.*, 328 F.3d at 1135 (quotation omitted).

The Debtor's sole evidence in support of an agency relationship is a citation to Navient

REPLY IN SUPPORT OF MOTION TO VACATE - 4

EISENHOWER CARLSON 909 A Street, Ste. 600 Tacoma, WA 98402 Tel 253.572.4500 Fax 253.272.5732 www.eisenhowerlaw.com

Solutions' website showing that it is a subsidiary of Navient Corporation. There is no credible assertion, let alone evidence, that Navient Solutions is the "alter ego" of Navient Corporation such that service on Navient Corporation could permit this Court's exercise of jurisdiction over Navient Solutions.

## II. THE IMPROPER SERVICE ON NAVIENT CORPORATION LIKEWISE WARRANTS VACATEUR OF THE CONTEMPT ORDERS

### A. The Debtors Knew or Should Have Known Navient Solutions Was the Proper Service Party

The Debtors knew or should have known that Navient Solutions was the proper party for service. Contrary to their representation that their billing statements contain no reference to Navient Solutions, the billing statement *attached to their own declaration* states in black-and-white: **"Your loan servicer – Your loans are serviced by Navient Solutions, LLC."** Shishido Decl. at 11. The Debtors' assertions that they received servicing communications from "Navient" are likewise unavailing. The website www.navient.com, which the Debtors wrongly identify as the website for Navient Corporation in the Navient Contempt Motion, plainly identifies that Navient Solutions, LLC is the copyright holder for the website and the holder of the "Navient" service marks and related logo. By contrast, there is no evidence anywhere in the record to support that Navient Corporation was involved with servicing the Debtors' loans.

### B. Proper Service Information was Readily Available to Debtors

Lest the Court be under the impression that proper service information for Navient Solutions was difficult to find, simple entry of "Navient Solutions, LLC" into the business search function on the Washington Secretary of State's website (the natural starting point for determining service information for a corporate entity) instantly brings up the correct address, registered agent, and name of a corporate officer (John M. Kane) authorized to accept service for Navient Solutions. *See* Exhibit A to the Florczak Declaration filed contemporaneously herewith.

## III. MERITORIOUS DEFENSES LIKEWISE JUSTIFYING VACATEUR OF THE CONTEMPT ORDERS

As with their arguments attempting to rehabilitate defective service, the Debtors' arguments

REPLY IN SUPPORT OF MOTION TO VACATE - 5

EISENHOWER CARLSON 909 A Street, Ste. 600
Tacoma, WA 98402
Tel 253.572.4500
Fax 253.272.5732
www.eisenhowerlaw.com

Case 15-15924-MLB    Doc 103    Filed 06/18/21    Ent. 06/18/21 12:54:21    Pg. 5 of 7

against Navient's merits defenses under Rule 60(b)(1) are similarly without merit. As set forth in the Motion, each of the Contempt Orders states that Navient Solutions or Navient Corporation violated the "discharge order, 11 U.S.C. §524(i), the confirmed plan, and the order of confirmation." None of these is correct as a matter of law.

### A. Navient Cannot Be Sanctioned for Violation of the Discharge Injunction For Debt That Has Not Been Discharged

The Debtors set forth at length the servicing communications from Navient Solutions to the Debtors, claiming they violate "the statute." *See* Opposition at 9. The only possible basis for such communications to violate the statute would be if they constituted an act to collect a discharged debt under Section 524(a) of the Bankruptcy Code. The Debtors PLUS loans, however, were not discharged. As set forth in the Motion, the Debtor's PLUS loans are federal student loans not subject to discharge absent a finding of undue hardship, and none of the Debtors' Chapter 13 Plan, the Court's confirmation, or the discharge order provides for the discharge of such loans. A dispute regarding whether such loans were ever paid in full does not constitute a violation of the discharge injunction or any Court order.

### B. Nothing in The Judicial Record Supports a Finding Navient Failed to Credit Plan Payments Under Section 524(i)

Section 524(i) of the Bankruptcy Code provides that the willful failure to credit payments received under a confirmed plan constitutes a violation of the discharge injunction. 11 U.S.C. § 524(i). As set forth in the Motion, the only evidence regarding plan payments shows that the Chapter 13 Trustee's payments made on account of the Debtors' PLUS loans were made to United Student Aid Funds, Inc., a student loan guarantor unaffiliated with Navient. This is insufficient to demonstrate that Navient has failed to apply payments, let alone that such alleged failure is "willful."

### **CONCLUSION**

Accordingly, for the reasons set forth above and in the Motion, the Court should vacate each of the Contempt Orders, as well as grant any other relief that is just and proper.

REPLY IN SUPPORT OF MOTION TO VACATE - 6

| | |
|---|---|
| Dated June 18, 2021 | Respectfully submitted, |

**EISENHOWER CARLSON PLLC**

By: /s/ Samuel J. Dart
Samuel J. Dart, WSBA No. 47871
909 A Street, Suite 600
Tacoma, Washington 98402
Telephone: (253) 572-4500
Facsimile: (253) 272-5732
E-Mail: SDart@Eisenhowerlaw.com

*Counsel to Navient Solutions, LLC and Navient Corp.*

–and–

**MCGUIREWOODS LLP**

By: /s/ Joseph A. Florczak
Joseph A. Florczak (to be admitted *pro hac vice*)
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
Telephone: 312.849.8100
Email: jflorczak@mcguirewoods.com

*Counsel to Navient Solutions, LLC and Navient Corp.*