HONORABLE MARC L. BARRECA
CHAPTER 13
HEARING DATE: AUGUST 11, 2021
HEARING TIME: 9 AM
HEARING LOCATION: TELEPHONE (EVERETT)
RESPONSE DATE: AUGUST 6, 2021

U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>RONALD E. HOWELL and DEE L SHISHIDO,<br><br>Debtors,<br>. | Bankruptcy Case #: 15-15924-MLB<br><br>DEBTOR'S RESPONSE TO NAVIENT SUPPLEMENTAL BRIEFING ON MOTION TO VACATE DEFAULT |

## I. SUMMARY OF ARGUMENT

Navient's failure to appear and respond is directly attributable to its own inexcusable neglect, which otherwise disqualifies it from relief under Rule 60. The court should deny the motion and award attorney fees to Ms. Shishido for the work involved in responding to the motion.

## II. FACTUAL ADDENDUM[1]

**A. Navient admits receipt of the notice of the motion but failed to direct it "to a proper workflow que."**

Navient's supplemental pleadings finally admit that it received the duly served contempt pleading sent to its CEO. *Supp. Mtn. Vacate, 2; Dec. Sheldon,* 2. They further

---

[1] A further observation here, ignored for the time being, is that "factually" the Sheldon declaration has little if any personal knowledge in it. He plainly relates general statements about an investigation and

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION TO VACATE DEFAULT JUDGMENT

1 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 122    Filed 08/06/21    Ent. 08/06/21 18:22:37    Pg. 1 of 12

admit that his Delaware office somehow and for some reason forwarded the pleading to its Wilkes-Barre, PA facility where it was imaged and filed in Ms. Shishido's account. *Id.* Navient admits it took no action to respond after receiving the notice. *Id.*

**B. Navient makes no representation as to the disposition of the other notices.**

Despite the fact that the new declaration indicates it was – by some yet-to-be-revealed internal process – forwarded to its Wilkes-Barre facility, Navient provides no additional information about its handling of the prior hearing notices sent by Debtor to the various Navient post office boxes which also happened to be in Wilkes-Barre.

**C. Navient does not explain why it responded to a fax as opposed to the other notices.**

Navient has indicated that it responded to a fax sent to it in April, but does not explain why *that* was sufficient notice, while all of the prior notices were ignored. Similarly, Navient does not provide the court with the identification of the fax number used, that is, whether it was for Navient Corporation, NS LLC, or both.

**D. Navient continues to convolute, transpose, commingle and conflate Navient Corporation and NS LLC.**

The declaration from "Navient" comes from the VP/Assistant General Counsel for NS LLC. Notwithstanding that obvious limitation in personal knowledge, Mr. Sheldon avers he is competent, with personal knowledge, as to "the operations of Navient Corporation and/or Navient Solutions, LLC (sometimes collectively referred to herein as "Navient.")." His

---

communications with other people in other places, including non LLC people, and ultimately surmises about what actually happened to the Delaware notice. Because of space limitations here, Debtor is treating the statements as being the best evidence available, for the time being, as to what truly happened to Delaware notice.

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION
TO VACATE DEFAULT JUDGMENT
2 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 122    Filed 08/06/21    Ent. 08/06/21 18:22:37    Pg. 2 of 12

declaration and the supplemental briefing continue to obfuscate any purported legal distinctions between the two entities.[2]

**E.   Navient missed the appeal deadline.**

Navient's Wilkes-Barre facility received the notice for the contempt hearing on December 8, 2020; it no doubt was received in Delaware some days before. *Sheldon Dec.,* 2. Navient had 14 days to file an appeal of the court's order. More than 14 days elapsed after the default judgment was entered without any appeal being filed. The motion to vacate was filed on May 17, 2021, over five months later.

### III.   ARGUMENT ON MERITS

**A.   General legal standards applicable to motion to vacate default**

To secure relief here, from a default order and judgment under Rule 60(b), Navient must show (1) that the motion is timely, (2) that it has a meritorious defense to the action, (3) that Ms. Shishido will not be unfairly prejudiced by having the judgment set aside, and (4) that one or more of the grounds set forth in Rule 60(b) apply. *Werber v. Carbo,* 731 F.2d 204, 206-07 (4th Cir. 1984); *Compton v. Alton Steamship,* 608 F.2d 96 ((4th Cir. 1979). Navient's burden of proof is clear and convincing evidence. *In re Barr,* 183 B.R. 531 (Bankr. N.D. Ill 1995). Relief from an already entered judgment is an extraordinary remedy to be granted only in exceptional circumstances. *In re Dorff,* 480 B.R. 919 (Bankr. E.D. Wis. 2012). Even if a motion under Rule 60(b)(1) can be used to address errors of law, such motion should generally be timely; a motion brought outside the general time frame for

---

[2] Somewhat similarly, he somehow asserts he has personal knowledge of and can qualify as a records custodian for USAF funds.

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION
TO VACATE DEFAULT JUDGMENT
3 of  12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA  98273
360-755-1000

appeals is not timely in the absence of extraordinary circumstances. *Gila River Ranch v. United States,* 368 F.2d 354 (9th Cir. 1966). Errors of law caused by the defaulting party are not cognizable under Rule 60(b)(1); the rule is primarily exists to allow the court to correct its own errors. *In re Phillips,* 219 B.R. 1001 (Bankr. W.D. Tenn. 1998); *Bjurstrom v. Campbell,* 27 Wn.App. 449 (1980). Further still, any mistake or neglect at issue under (b)(1) must not be occasioned by neglect caused by the party wishing to vacate the default. *M/V Peacock on Complaint of Edwards,* 809 F.2d 1403 (9th Cir. 1987); *In re Dorff,* 480 B.R. 919 (Bank. M.D. N.C 1997).

**B.     Navient is guilty of inexcusable neglect under 60b1**

Navient has asserted entitlement to relief under 60b1 because of alleged errors of law. At the same time, it has altogether failed to argue or address the issue of excusable neglect, despite this court's direct reference to it in the prior hearing, in which the court (and debtor) pointed out there was no declaration or other supporting evidence submitted by Navient for its motion to vacate. The Sheldon declaration, explaining that Navient dropped the ball, establishes that this case is one of *in*excusable neglect under 60b1.

**1.     General legal standards for inexcusable neglect**

The 9th Circuit standard for analyzing an excusable neglect case is found in *Briones v. Riviera Hotel,* 116 F.3d 379 (9th Cir. 1996). Where neglect or negligence occurs, the court will further consider other factors, including but not limited to 1) the danger of prejudice to the debtor, 2) the length of the delay and its impact on judicial proceedings, 3) the reason for the delay, including whether it was in the reasonable control of the movant, and 4) whether the movant acted in good faith. *Id.* at 381. The most important of these is the fourth. <u>Inexcusable</u> neglect occurs when a business entity fails to have adequate

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION TO VACATE DEFAULT JUDGMENT
4 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 122    Filed 08/06/21    Ent. 08/06/21 18:22:37    Pg. 4 of 12

procedures and systems in place to respond to legal process. *In re Brendle's,* 222 B.R. 770 (Bankr. M.D. N.C. 1997); *Rosander v. Nightrunners Transp., Ltd,* 147 Wn.App. 392 (2008)(affirming $900K default judgment); *TMT Bear Creek Shopping Center, Inc. v. PETCO, Inc.*, 140 Wn.App. 191 (2007)(affirming $100K default judgment plus attorney fees); *Johnson v. Cash Store,* 116 Wn.App. 833 (2003)(affirming $25K default judgment plus attorney fees for unfair lending practices). Courts sometimes examine whether the lapse is caused by the party itself or its counsel; in the latter, the standard to be applied is more liberal toward allowing vacation of the default order or judgment. *See, e.g., Brendle,* 222 B.R. at 773 (denying vacateur when company mishandled summons and complaint without interaction of any counsel); *Heymen v. M.L. Marketing, Inc.,* 116 F.2d 91 (7th Cir. 1991)(affirming dismissal of action following client inaction after attorney withdrawal).

**2. The motion is not being brought by the court to correct its own mistake or error.**

The court did not make any plain errors of law for which it found it necessary to *sua sponte* make some correction. This is an application of 60b1 occasioned by Navient nonfeasance. As pointed out above, Navient carries a stringent burden of proof to secure the proposed extraordinary relief of vacation of the default judgment, especially under these circumstances.

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION TO VACATE DEFAULT JUDGMENT
5 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 122    Filed 08/06/21    Ent. 08/06/21 18:22:37    Pg. 5 of 12

### 3. Navient's motion was not timely; errors of law are not within the purview of the current motion.

Navient's motion here was filed well after the fourteen day limit for an appeal.[3] Also, it was filed over five months after the time when it received legal notice of the December contempt hearing, at latest December 8, 2020. A 60b1 motion is timely if it is filed within the time frame allowed for appeal. Navient's original 60b1 motion asserted that this deadline did not apply to it because of extraordinary circumstances, namely the alleged defective service. As discussed below, and now revealed by the new Navient pleadings, "it"[4] was validly served. Furthermore, as otherwise argued herein, Navient never accounts for its handling of the prior notices it necessarily received for the prior hearings on the prior contempt motions. Though they were legally defective for purposes of service of process, they were duly mailed to Navient at various Wilkes-Barre post office boxes – provided by Navient in its notices to Ms. Shishido – and never returned to debtor's counsel. Finally, of course, Navient now admits that it received the notice sent to its CEO *which was somehow and for some reason forwarded* to its Wilkes-Barre "facility" for handling. Amazingly, that is coincidentally the same facility where the prior notices were sent. Yet even then, Navient simply failed to respond to the notice of the hearing. Thus, again, Navient had – despite the technical service argument – multiple opportunities to respond to the situation, but failed to do so. There simply are no extraordinary circumstances which allow some variation or waiver from this general

---

[3] A related though not applicable argument and discussion pertains to whether Navient might have some defense to the action. This discussion occurs only to ensure that there is some plausible reason for vacating the default, and not whether the defense is valid. Here that discussion is rendered moot by application of overriding principles of inexcusable neglect.

[4] Both the LLC and the corporation.

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION
TO VACATE DEFAULT JUDGMENT
6 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 122    Filed 08/06/21    Ent. 08/06/21 18:22:37    Pg. 6 of 12

requirement of timeliness. Navient's inability to respond and file an appeal is a direct consequence of this wholesale ambivalence toward the validly issued process of this court.

**4. Navient's conduct was INexcusable neglect**

Navient received a series of notices of the contempt proceedings, including the last one. Except for purposes of legal process, the first notices – all to Wilkes-Barre -- were validly and legitimately mailed to Navient at its Wilkes-Barre facility, albeit through multiple P.O. boxes, one of which was the litigation unit address. All were received by Navient as none were returned. Navient failed to respond in any way to all of these. The record continues to remain silent as to why.

Navient finally received, by its present admission, the notice mailed to its CEO in Delaware. By Navient's admission, the CEO or his surrogate forwarded that notice to the very same Wilkes-Barre facility to which the earlier notices were sent. Notwithstanding that, Navient failed to respond, completely, to the validly issued and received notice. The only explanation provided is that someone at Navient mishandled the Delaware notice, that it was put in some kind of non-workflow que, whatever that might mean.

The court and Ms. Shishido had no part in this disconnect. It absolutely was caused completely by deficiencies in Navient's systems, as in *Brendle, Rosander, TMT Bear Creek,* and *Cash Store*. If Navient had systems in place to respond to any one of these notices, not the least of which was the last one, then the default motion would not have been granted. <u>But Navient did nothing</u>. Similarly, there is not even an attempt in its current filings to explain why the last document was routed to the wrong place. There is no declaration from CEO Remondi; his still anonymous executive assistant; Ms. Page, the head of "Legal Operations at

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION
TO VACATE DEFAULT JUDGMENT
7 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 122    Filed 08/06/21    Ent. 08/06/21 18:22:37    Pg. 7 of 12

Navient;" or other still anonymous employees "in Navient's Wilkes-Barre facility." The answer when the dust settles is a vacuum; there is no answer or justification.

**C. The court had jurisdiction over the LLC and the Corporation; the default judgment/order is not void under 60(b)(4).**

Navient's motion generally concedes that the debtor's service on the Navient Corporation CEO was sufficient for service on Navient Corporation; despite that, it continues to assert that service must be made separately on NS LLC through its Washington registered agent. This argument should be rejected now, with the recent Navient filing. First, as pointed out in prior briefing, the registered agent of the LLC is an officer for the corporation. Second, the Sheldon declaration establishes that the corporate CEO notice was forwarded to the LLC facility in Wilkes-Barre. In this instance, under the contemplation of the language of statute, the CEO did in fact act as a general agent by forwarding the notice to the LLC in Wilkes-Barre. Similarly, such testimony establishes that the LLC itself had notice of the hearing. Third, as pointed out elsewhere here, the day-to-day distinctions between the two entities are so vague that "Navient" employees and their attorneys before this court make little attempt to bifurcate entities, instead choosing to generally refer to either the corporation or the LLC simply as "Navient."[5] The backdrop for all of this, of course, is the website, collection statements and calls, and SEC filings already in the court's record, all of which attest to the general fungibility of the two entities. Finally, the court should recognize that both entities have jointly moved to have the order vacated in a single set of pleadings.

---

[5] If they were separate entities, especially as to the Delaware notice, they would have conflicting interests, presumably calling for separate representation absent conflict waivers from both parties.

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION
TO VACATE DEFAULT JUDGMENT
8 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Ms. Shishido recognizes that this court has ruled that the prior service to the P.O. Boxes in Wilkes-Barre was legally deficient for purposes of establishing jurisdiction over the LLC. Still, given these recent statements, particularly the forwarding of the Delaware/CEO hearing notice to the "Navient" Wilkes-Barre facility, this court can and should find that the service on the CEO effected service likewise on the LLC. In other words, under a general constitutional standard, either the combination of all the notices sent by Ms. Shishido for the prior hearings, or the final notice which was actually forwarded to the LLC by the CEO, were sufficient to effect service on both. This in turn should allow the court to enter an order denying the motion to vacate as to both the LLC and the corporation.[6]

**D.    Ms. Shishido will be prejudiced if the order is vacated.**

Navient never addresses the effect of an order vacating the default would have on Ms. Shishido. A separate declaration will be submitted by counsel and Ms. Shishido as to the prejudice she will suffer from reopening this matter.

**E.    There should be no mitigation of the judgment; Navient actions constitute bad faith.**

Navient does not deserve any mitigation of the judgment. First, Navient is not entitled to any mitigation legally; its inexcusable neglect precludes reopening the matter. Second, there is a strong argument that Navient has not acted in good faith. Clearly, Navient did not care about the process when it was happening. It only decided to pay attention when it learned that the judgment was entered against it. At that point, ironically, Navient responded to notice it received by fax. In the meantime, it ignored numerous valid written notices of court

---

[6] Given the entry of the prior order vacating the default against the LLC, the proposed order from the debtor here would contain a clause vacating *that* order because of the new Navient declaration.

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION
TO VACATE DEFAULT JUDGMENT
9 of  12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA  98273
360-755-1000

Case 15-15924-MLB    Doc 122    Filed 08/06/21    Ent. 08/06/21 18:22:37    Pg. 9 of 12

hearings, in each instance completely failing to respond or appear. Third, the original motion to vacate did not contain any sworn testimony attesting to why there had been no response to the hearing notices and associated pleadings, only that they were facially invalid. It was only after the insistence of Ms. Shishido and the court that it revealed that the failure to respond occurred because of its inexcusable neglect. It turns out now that Navient all-the-while had information in its files confirming its receipt of the notice of the December hearing, from at least December 8, 2020, and it failed to disclose that earlier to this court and its counsel. Fourth, Ms. Shishido legitimately documented the turmoil, anxiety and stress she suffered from the ongoing violations of her rights related to this bankruptcy filing and Navient's collection efforts. Those damages included an open heart surgery, as well as general damage and impairment of her ability to run a business because of false credit reporting. There is no basis for revisiting the terms of the order entered by the court.

**F.    The court should award attorney fees to debtors for responding to the motion to vacate.**

The debtors have been compelled to respond to the motion to vacate, incurring significant attorney fees. A declaration to that effect is or will be submitted to the court with this pleading detailing the same. Because the statute allows the debtor to request attorney fees when payments have not been properly credited, the source of the original statutory violations, responding to this motion was necessarily part of that process. Ms. Shishido was compelled to respond by Navient's filing of the motion. The proposed order properly requests an award of attorney fees.

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION TO VACATE DEFAULT JUDGMENT
10 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 122    Filed 08/06/21    Ent. 08/06/21 18:22:37    Pg. 10 of 12

# IV.    CONCLUSION

The motion to vacate should be denied. Navient's recent pleadings indicate that its failure to respond to all notices from Ms. Shishido, including the Delaware/CEO notice, was fully attributable to its deficient internal systems for handling legal process. That failure is inexcusable neglect. Notice by mail provided to the Navient CEO was sufficient to invoke jurisdiction over the corporation and LLC, especially as the CEO acted as a general agent for the LLC in forwarding it to the LLC, and as the LLC actually received the notice. Further, they received collectively no less than five notices of the proceedings and failed to respond five times. There is no valid explanation for *any* of the failures to respond. The evidence offered in the recent filings conclusively reveals inexcusable neglect by Navient, but also bad faith in failing to reveal previously its actual receipt of notice for the December hearing on or before December 8, 2020. The court should enter an order denying the motion to vacate as to both the corporation and the LLC and award Ms. Shishido attorney fees for having to respond to these proceedings.

Respectfully submitted this 6th day of August 2021,

\_\_/s/ Thomas E. Seguine_____
Thomas E. Seguine
Counsel for Plaintiffs
WSBA # 17507
1023 South 3rd Street
Mount Vernon WA 98273
360-755-1000
northcascadeslegal@gmail.com
Counsel for Debtors

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION TO VACATE DEFAULT JUDGMENT
11 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000

Case 15-15924-MLB    Doc 122    Filed 08/06/21    Ent. 08/06/21 18:22:37    Pg. 11 of 12

# Certificate of Service

I am employed in Skagit County, Washington, State of Washington. I am over the age of 18 and am not a party to the within action; my business address is 1023 South 3rd Mount Vernon, WA 98273.

On or about August 6, 2021 I served a copy of this documents on the interested parties in this action, listed below, in one or more of the following manner(s):

**BY REGULAR MAIL**: I placed copies of the document in sealed envelopes and caused such envelopes to be deposited in the United States mail with postage thereon fully prepaid and addressed as stated in the attached service list.

**BY HAND DELIVERY**: I placed copies of the document in sealed envelopes and caused such envelopes to be delivered by messenger to the addresses as stated on the attached service list.

**BY FACSIMILE**: I served the document by facsimile to the facsimile numbers stated on the attached service list by each party and/or attorney of record.

**BY ELECTRONIC MAIL:** I electronically transmitted copies of the document to the most recent known email address of the addressee.

**OTHER**: _____

*[signature: Thomas E. Seguin]*

_____

## Service List

Samuel J. Dart, WSBA 47871
Eisenhower Carlson
900 A. Street, Ste. 600
Tacoma WA 98402
Also sent by email to sdart@eisenhowerloaw.com
Counsel to Navient Solutions LLC and Navient Corp.

Joseph A. Florczak
77 W. Wacker Drive, Ste. 4100
Chicago IL 60601
Also sent by email to jflorczak@mcguirewoods.com
Counsel to Navient Solutions LLC and Navient Corp.

DEBTORS REPLY TO NAVIENT'S SUPPLENTAL BRIEFING ON MOTION TO VACATE DEFAULT JUDGMENT

12 of 12.

LAW OFFICE OF TOM SEGUINE
1023 South Third
Mount Vernon, WA 98273
360-755-1000